FILED

2018 NOV -9 PM 2: 15

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | INDICTMENT |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. |
| | ) | Title 18, Sections 1341, 1343, United |
| HOPE LYNCH, | ) | States Code |
| | ) | |
| Defendant. | ) | |

JUDGE LIOI

1:18 CR 669

General Allegations

At all times material and relevant to this Indictment:

1. Under the authority of Title 34 of the Code of Federal Regulations ("CFR"), Part 600, the United States Department of Education (the "USDOE") administered federal Student Financial Assistance ("SFA") programs that provided money for college to eligible students who attended participating post-secondary schools.

2. To receive SFA, students were required to complete a Free Application for Federal Student Aid ("FAFSA"). The FAFSA required students to provide their personal information including names, social security numbers, dates of birth and addresses. The FAFSA also required students to state whether they possessed a high school diploma or general educational development certificate ("GED"), and to provide their adjusted gross income for the prior taxable year. The student could mail the FAFSA to a USDOE processing center or transmit it electronically via the Internet. Most FAFSAs were completed online, and as such, were electronically submitted to the USDOE processing center in Plano, Texas.

3. At all times relevant to this Indictment, individuals who did not have a high school diploma or its recognized equivalent ("GED"), or did not maintain satisfactory academic progress in his or her course of study were not eligible to receive SFA.

4. The amount of SFA that a student could receive was based on the total Cost of Attendance ("COA") at participating post-secondary colleges or universities. The COA included tuition and fees, on-campus room and board (or a housing and food allowance for off-campus students), allowances for books, supplies, transportation, and loan fees. USDOE distributed SFA funds to a student's college for tuition and other educational related expenses. The college withheld the cost of tuition and other fees. Often, when there were funds remaining after the expenses and fees were paid to an institution, the student was entitled to receive those remaining funds to cover the student's cost of living expenses while enrolled in college. In such cases, the college disbursed the remaining funds to the student, which was called a "credit balance refund" also commonly referred to as a "student financial aid refund."

5. Financial aid refunds were disbursed to students in one of two ways: (a) an electronic transfer to a debit card issued in the student's name; or (b) a refund check issued to the student by the college. Debit cards and refund checks were typically mailed to the student.

6. HOPE LYNCH was a resident of Cleveland, Ohio, located in the Northern District of Ohio, Eastern Division.

7. Lakeland Community College was a post-secondary college located in Kirtland, Ohio, within the Northern District of Ohio.

8. Edison State Community College was a post-secondary college located in Piqua, Ohio, within the Southern District of Ohio.

9. HOPE LYNCH's first FAFSA transaction occurred in May 2014. LYNCH's final financial aid refund was sent in February 2017.

10. From in or around May 2014 and continuing through in or around February 2017, in the Northern District of Ohio, Eastern Division, and elsewhere, HOPE LYNCH, and others known and unknown to the Grand Jury, did knowingly devise, intend to devise, and knowingly participate in a scheme and artifice to defraud the Department of Education and to obtain money and property from the Department of Education by means of false and fraudulent pretenses, representations, and promises, and for the purpose of executing and attempting to execute the scheme and artifice to defraud:

    a. caused to be transmitted by means of wire communication in interstate commerce, writings, signs, signals, pictures and sounds, in violation of Title 18, United States Code, Section 1343; and

    b. placed, or caused to be placed, in any depository for mail matter, any matter or thing to be sent or delivered by the Postal Service, and took or received from the Postal Service, any such matter or thing delivered by the Postal Service, in violation of Title 18, United States Code, Section 1341.

<u>OBJECT OF THE SCHEME</u>

11. The object of the scheme was to obtain money and funds from the Department of Education to which LYNCH and other recipients were neither eligible, nor entitled to receive, in order to pay for their living expenses, other personal expenditures, and costs associated with attending various colleges located in the Northern District of Ohio, and elsewhere, including Lakeland Community College and Edison State Community College.

## MANNER AND MEANS

12.  It was part of the scheme and artifice that LYNCH, and others known and unknown to the Grand Jury, provided and used LYNCH's personal identifying information ("PII"), which was used to apply for and obtain college admissions.

13.  It was further part of the scheme and artifice that LYNCH, and others known and unknown to the Grand Jury, used their PII to apply for and obtain SFA, including loans, Pell grants, and federal supplemental educational opportunity grants ("FSEOG"), by submitting fraudulent FAFSAs, for which the applicant was unqualified and ineligible. The applications contained false and fraudulent pretenses and representations concerning the students' eligibility for SFA, including their status as regular students.

14.  It was further part of the scheme and artifice that LYNCH, and others known and unknown to the Grand Jury, used LYNCH's PII to apply for and obtain SFA, including loans, Pell grants, and federal supplementary educational opportunity grants ("FSEOG"), by submitting fraudulent FAFSAs, for which LYNCH was unqualified and ineligible. The applications contained false and fraudulent pretenses and representations concerning LYNCH's eligibility for SFA, including false statements concerning her status as a regular student.

15.  It was further part of the scheme and artifice that LYNCH, and others known and unknown to the Grand Jury, failed to use the SFA funds for educational or school-related purposes, but instead split the proceeds of the monies fraudulently obtained as a result of the false and fraudulent student financial aid applications.

16.  It was further part of the scheme and artifice that LYNCH, and others known and unknown to the Grand Jury, arranged for some of the academic coursework to be completed online by other persons to make it appear that LYNCH was a regular student, and to cause the

SFA to be transferred from the USDOE to the colleges, and in turn, the SFA refunds to be disbursed via bank debit cards or checks sent to addresses or bank accounts controlled by others involved in the scheme.

17. It was further part of the scheme and artifice that beginning in or around May 2014, and continuing through in or around February 2017, an individual known to the Grand Jury fraudulently submitted FAFSA transactions in LYNCH's name, among others, for the purpose of obtaining federal SFA to which she knew LYNCH was not entitled. LYNCH was aware of, and knowingly participated in the submission of the false and fraudulent FAFSA transactions to the USDOE. The FASFA submissions included false addresses, false email addresses, and other false representations concerning LYNCH's eligibility for financial aid. As a result, LYNCH fraudulently obtained SFA funds, including loans, FSEOG, and Pell grants, for which she was not otherwise eligible.

18. It was further part of the scheme and artifice that LYNCH and others known to the Grand Jury arranged for some or all of LYNCH's coursework to be completed online by one or more other persons, to make it appear that LYNCH was a regular student, so that the SFA would be transferred from the Department of Education to the colleges and, in turn, student refunds for excess amounts of SFA would be disbursed to LYNCH via bank debit cards or by refund checks sent via the Postal Service to addresses and/or bank accounts controlled by others involved in the scheme.

19. It was further part of the scheme and artifice that a false and fraudulent high school diploma transcript was created for LYNCH and was submitted to post-secondary institutions to make it appear that LYNCH was eligible for SFA.

20. As a result of the foregoing scheme and artifice pertaining to HOPE LYNCH, the Department of Education was defrauded and sustained losses in excess of $30,000.

## COUNT 1
(Wire Fraud, in violation of 18 U.S.C. § 1343)

The Grand Jury charges:

21. The factual allegations of paragraphs 1 through 19 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

22. Beginning in or around May 2014, through in or around August 2016, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant HOPE LYNCH, and others known and unknown to the Grand Jury, devised and intended to devise a scheme and artifice to defraud the USDOE and to obtain money from the USDOE by false and fraudulent pretenses, representations, and promises.

23. From in or around May 2014 through in or around August 2016, in the Northern District of Ohio, Eastern Division, and elsewhere, HOPE LYNCH for the purpose of executing and attempting to execute the scheme and artifice to defraud described above, transmitted and caused to be transmitted by means of wire communication in interstate commerce, writings, signs, signals, pictures and sounds, to wit: FAFSAs filed for HOPE LYNCH, by means of an online application, transmitted from the Northern District of Ohio, with the recipient being the USDOE contractor in Plano, Texas, including the following interstate wire transmission:

| Count | Date | Description | Type/ Source Location | Recipient / Location |
|---|---|---|---|---|
| 1 | 3/19/2015 | 2015-2016 FAFSA filed for Hope Lynch | Online application in Ohio | U.S. Department of Education contractor in Plano, Texas |

In violation of Title 18, United States Code, Section 1343.

COUNT 2
(Mail Fraud, in violation of 18 U.S.C. § 1341)

The Grand Jury further charges:

24. The factual allegations of paragraphs 1 through 19, and 22 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

25. Beginning in or around February 2015 through in or around February 2017, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant HOPE LYNCH, and others known and unknown to the Grand Jury, devised and intended to devise a scheme and artifice to defraud the USDOE and to obtain money from the USDOE by means of false and fraudulent pretenses, representations, and promises.

26. From in or about February 2015 through in or around February 2017, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant HOPE LYNCH, for the purpose of executing and attempting to execute the scheme and artifice to defraud described above, placed, and caused to be placed, in any depository for mail matter, any matter or thing to be sent or delivered by the Postal Service, and took or received from the Postal Service, any such matter or thing delivered by the Postal Service, including the following mailing:

| Count | Date | Description | Mailed by | Check Payee |
|---|---|---|---|---|
| 2 | 9/10/2015 | SFA refund check # 60104243 in the amount of $4,452.55 | Lakeland CC | Hope Lynch |

In violation of Title 18, United States Code, Section 1341.

Original Document – Signatures on file with the Clerk of Court, pursuant to the E-Government Act of 2002.