IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO.  1:18 CR 669 |
| | ) | |
| PLAINTIFF, | ) | JUDGE DONALD NUGENT |
| | ) | |
| vs. | ) | |
| | ) | |
| HOPE LYNCH | ) | **SENTENCING MEMORANDUM OF** |
| | ) | **HOPE LYNCH** |
| DEFENDANT. | ) | |

Now comes Defendant, by and through counsel, and respectfully submits this Sentencing Memorandum as additional mitigation towards the final disposition of this matter.

The Sentencing Memorandum presents the law and facts that would allow the Court to consider an appropriate sentence. Specifically, Defendant requests the court to impose a sentence that is sufficient but not greater than necessary for this particular crime and Ms. Lynch's personal characteristics.

**FEDERAL SENTENCING LAW**

Following United States v. Booker, 543 U.S. 220 (2005), sentencing courts turn to Section 3553(a) of Title 18 of the United States Code as their guidance for fashioning an appropriate federal sentence. Post-Booker, the Guidelines constitute just one of the factors sentencing courts must consider in determining a sentence that is "sufficient but not greater than necessary" to achieve the statutory goals of sentencing. The Booker standard requires courts to impose sentences that: (A) reflect the seriousness of the offense, promote respect for the law and provide just punishment for the offense; (B) afford adequate deterrence to criminal conduct; (C) protect the public from further crimes of the defendant; and, (D) provide the defendant with

1

needed training, medical care, or other correctional treatment in the most effective manner.

In consideration of the purposes of this statute, this Court must fashion a sentence which considers all the following factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to further the purposes set forth above; (3) the kinds of sentences available; (4) the kinds of sentence and sentencing range applicable to the defendant as set by the United States Sentencing Guidelines as well as any pertinent policy statements issued by the Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and, (6) the need to provide restitution to any victims of the offense. The applicable offense level is 9 with 0 criminal history points.

Additionally, Section 5H of the Guidelines contains previously prohibited factors that sentencing courts may now consider, including defendant's age, education and vocational skills, mental and emotional conditions, physical condition, employment record, family ties and responsibilities, role in the offense, etc. Although the recommended Guideline range must be taken into account, the Court must follow the "parsimony provision" of 18 U.S.C. § 3553(a), which is the "overarching" command of the statute. Kimbrough v. United States, 552 U.S. 85 (2007). That provision provides: "The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." 18 U.S.C. § 3553(a). Under Kimbrough, sentencing courts must treat the Guidelines as the "starting point and the initial benchmark" when formulating a reasonable sentence. 552 U.S. at 108. The Guidelines merely mark the starting point for a nuanced assessment of each individual case and the appropriateness of the Guidelines sentence must be judged against the other factors in 18 U.S.C. § 3553(a). Id. at 101. While the statute still requires a court to give respectful

consideration to the Guidelines, the court must tailor the sentence in light of the other factors in § 3553(a) as well. Booker, 543 U.S. at 245-46.

**APPLICATION OF 18 U.S.C. § 3553(a) SENTENCING FACTORS TO HOPE LYNCH**

Section 3553(a) mandates that "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection."

On November 29, 2018 Ms. Lynch was arraigned on a Two Count Indictment that was filed in the Northern District of Ohio, Eastern Division. Ms. Lynch pled guilty to both counts of the Indictment and her case was referred to the United States Probation Department for the preparation of a presentence investigation report. Count 1 charged her with Wire Fraud and Count Teo charges her with Mail Fraud. Ms. Lynch has remained in the community since her arraignment and she has been compliant with the terms and conditions of her unsecured bond. A recent home visit reflects that she lives in Newburgh Heights with her mother, brother and her two children.

Ms. Lynch was born on July 4, 1984 and will be 35 years old on July 4. Her biological father was an alcoholic and abandoned her when she was 5 years old. She was raised by her mother and her mother's husband who passed away last year. She has a very close relationship with her mother and her older brother and sister. Ms. Lynch is the mother of a 16 year old and a 9 month old. During her childhood she was emotionally and physically abused. When she was 15 years old she moved in with her grandmother and at 17 years old attended Job Corps. for culinary arts. She unexpectedly became pregnant at 17 years old and withdrew from school so she could care and raise her baby.

From 2007 to 2014 Ms. Lynch was a daycare provider at Job and Family Services. From

3

2014 to 2016 she was self-employed as a home health aide for a patient. From 2016 to 2017 she was employed at Ohio Mentor as a support person for MRDD clients. Recently, she began babysitting another baby since she is raising her 9 month old.

      Ms. Lynch has never been drug or alcohol dependent and is very devoted and involved in the Shallow Temple Hebrew Pentecostal Church. She recognizes the importance of family, religion and good values. She does not have a criminal history.

      Ms. Lynch heard about the opportunity to advance her education through the company that was run by a criminal, Basheera Perry, who was sentenced by this court for her scheme. Ms. Lynch would never have thought about defrauding the government were it not for the people that she was introduced to such as Basheera Perry. Ms. Lynch was interested in developing a career to care for her family and knew that she needed a college education to have future opportunities. Since she withdrew from Job Corp. to have her baby when she was 17 years old she always wanted to attend college. Unfortunately, she did not re-enroll in high school or obtain a GED which are the only legal means to enter into a college. She was offered the opportunity to enroll in colleges if she gave Defendant Perry and others her personal information. Perry and others ran a sophisticated illegal business and created fake documents, such as transcripts and diplomas to send to colleges on behalf of their stooge, like Ms. Lynch. Perry and others handled all of the paperwork and when the financial aid money came in, Perry or others would contact Ms. Lynch to meet and go to a bank to get the money. Ms. Lynch would be paid a nominal amount and Perry and her cohorts kept the rest of the money. Ms. Lynch recognizes that she engaged in fraud and allowed others to use her personal information to enroll her in college to illegally obtain student aid. She is ashamed of her conduct and role in this fraud and she humbly seeks forgiveness and leniency.

She is the sole provider for her 9 month old and her 16 year old and they rely on her daily for her caring, support and financial assistance, what little money she makes. She is very motivated to continue to work, obtain her GED and continue to be an integral member of her church. A prison sentence is too harsh of a penalty for her role in this fraud and in light of her law abiding life. There are other ways to punish her while keeping her in the community which would include supervision and electronic monitoring which would allow her to wrk and take care of her children. She has been seeking mental health counseling and would continue to benefit from it to help her self-esteem.

The letters in support of Ms. Lynch suggest that she suffered from extreme stress as a result of the charges in this matter. Ms. Lynch recognizes that she made a grave mistake which has jeopardized her future and her relationship with her children. She is accountable and will positively respond to supervision while taking care of her family. (Exhibit 1).

## **CONCLUSION**

Wherefore, based upon the foregoing, Ms. Lynch respectfully requests the Court impose a sentence that is sufficient but not greater than necessary.

Respectfully submitted,

/s/ Craig T. Weintraub
CRAIG T. WEINTRAUB, ESQ. (0040095)
55 Public Square
Suite 1600
Cleveland, Ohio  44113
(216) 896-9090
(216) 218-5494 mobile
cweintraub@hotmail.com
***Attorney for Defendant***

5

## **CERTIFICATE OF SERVICE**

A copy of the foregoing was filed electronically and notice will be sent to all parties electronically by operation of the court's electronic filing system.

/s/ Craig T. Weintraub
CRAIG T. WEINTRAUB
